**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| MARCUS DEAN SIMMS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 26-2512-AWM-ADM |

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND REPORT AND RECOMMENDATION**

Pro se plaintiff Marcus Dean Simms ("Simms") brings suit against the United States of America, seeking damages under the Federal Tort Claims Act ("FTCA"). (ECF 1.) At the same time, he moved for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. (ECF 2.) As discussed in further detail below, the court grants Simms's motion to proceed IFP and recommends that the district judge dismiss this case pursuant to § 1915(e)(2)(B)(ii) because the complaint does not state a claim on which relief may be granted.

## I. MOTION FOR LEAVE TO PROCEED IFP (ECF 2) IS GRANTED

Title 28 U.S.C. § 1915 allows courts to authorize commencing a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." To succeed on a motion to proceed IFP, "the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny IFP status under § 1915 lies within the district court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). After carefully reviewing the

information Simms provided in his financial affidavit in support of his motion, the court waives the filing fee required for him to commence this civil action. Simms is granted leave to proceed IFP.

## II. THE COURT RECOMMENDS DISMISSING SIMMS'S COMPLAINT.

When a plaintiff proceeds IFP, the court may screen the complaint under 28 U.S.C. § 1915(e)(2)(B). The court may dismiss the complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).

From what the court can glean from the complaint (which appears to cut off words in his "Statement of Claim"), Simms alleges that, on May 6, 2017, "federal employees and/or personnel" failed to take reasonable measures when he was physically assaulted ("placed in a chokehold") while he was serving in Fort Leavenworth, Kansas. (ECF 1.) He now seeks $150 million in damages from the United States. (*Id.*) The court recommends that Simms's complaint be dismissed because the complaint fails to state a claim upon which relief can be granted and fails to comply with FED. R. CIV. P. 8.

First, the complaint must be dismissed because it is not timely. Under the FTCA, a civil action commenced against the United States is "barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C § 2401(a). Here, Simms's right of action accrued on May 6, 2017, so his complaint filed on August 27, 2026, is untimely. Second, the complaint does not provide any details as to what Simms is claiming the United States did to be held liable or what injury he has suffered that makes the United States liable for $150 million in

damages. Although Rule 8 does not require detailed factual allegations, it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Even liberally construing the complaint, the court cannot supply facts or construct a viable legal theory on Simms's behalf. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.").

The court therefore recommends that the district judge dismiss Simms's complaint because it fails to state a claim and fails to comply with FED. R. CIV. P. 8. *Ross v. Campanelli*, 2026 WL 900034 (D. Kan. Apr. 1, 2026). Furthermore, the court cannot construe Simms's complaint in any manner that asserts a claim upon which relief may be granted, so granting Simms leave to amend would be futile. For these reasons, the court recommends that the district judge dismiss Simms's complaint pursuant to 28 U.S.C. § 1915(e)(2).

* * * * *

Pursuant to 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b)(2), and D. KAN. RULE 72.1.4(b), Simms may file written objections to this report and recommendation within fourteen days after being served with a copy. If Simms fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE ORDERED** that Simms's Motion to Proceed Without Prepayment of Fees (ECF 2) is granted.

**IT IS FURTHER RECOMMENDED** that Simms's complaint be dismissed for the reasons set forth above.

**IT IS SO ORDERED.**

Dated September 8, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge