**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

MARCUS DEAN SIMMS,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 26-2512-AWM-ADM

**AMENDED REPORT AND RECOMMENDATION**

Pro se plaintiff Marcus Dean Simms ("Simms") brings suit against the United States of America, seeking damages under the Federal Tort Claims Act ("FTCA"). (ECF 1.) The court previously granted Simms's motion for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915 and issued a report and recommendation that the district judge dismiss this case pursuant to § 1915(e)(2)(B)(ii) because the complaint does not state a claim on which relief may be granted. (ECF 8, 9.) Simms filed objections to the court's original report and recommendation and further requested leave to amend his complaint. (ECF 10, 11.) The court now issues this amended report and recommendation for dismissal of this case pursuant to § 1915(e)(2)(B)(ii) because Simms's objections and motion to amend assert that the incident in his complaint occurred in Illinois, not in Fort Leavenworth, Kansas, thereby warranting dismissal of this case for the additional reason that venue is improper in this court.

## I. THE COURT RECOMMENDS DISMISSING SIMMS'S COMPLAINT.

When a plaintiff proceeds IFP, the court may screen the complaint under 28 U.S.C. § 1915(e)(2)(B). The court may dismiss the complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).

From what the court can glean from the complaint and from Simms's clarifications in his objections to the court's original report and recommendation, Simms alleges that, "federal employees and/or personnel" failed to take reasonable measures when he was physically assaulted ("placed in a chokehold") on May 6, 2017, at the Illinois Nation Guard Armory in Marseilles, Illinois, during a National Guard inactive duty training/drill weekend. (ECF 1, 10, 11.) He seeks $150 million in damages from the United States. (ECF 1.) The court recommends that Simms's complaint be dismissed because the complaint fails to state a claim upon which relief can be granted and fails to comply with FED. R. CIV. P. 8.

First, the complaint must be dismissed because it is not timely. Under the FTCA, a civil action commenced against the United States is "barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C § 2401(a). Here, Simms's right of action accrued on May 6, 2017, so his complaint filed on August 27, 2026, is untimely. Second, the complaint must be dismissed because venue is not proper in this court. Venue lies only in the district where the plaintiff resides or where the act or omission at issue occurred. 28 U.S.C. §1402(b). Because Simms alleges that he resides in Illinois and not seeks to amend his complaint to clarify that the unlawful act occurred in Illinois, Simms is required to file his case in Illinois. Third, the complaint does not provide any details as to what Simms is claiming the United States did to be held liable or what injury he has suffered that makes the United States liable for $150 million in damages. Although Rule 8 does not require detailed factual allegations, it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). Even liberally construing the complaint, the court cannot supply facts or construct a viable legal theory on Simms's behalf. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.").

The court therefore recommends that the district judge dismiss Simms's complaint because it fails to state a claim and fails to comply with FED. R. CIV. P. 8. *See Ross v. Campanelli*, No. 26-2151, 2026 WL 900034, at *1 (D. Kan. Apr. 1, 2026). Furthermore, the court cannot construe Simms's complaint in any manner that asserts a claim upon which relief may be granted, so granting Simms leave to amend would be futile. For these reasons, the court recommends that the district judge dismiss Simms's complaint pursuant to 28 U.S.C. § 1915(e)(2).

* * * * *

Pursuant to 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b)(2), and D. KAN. RULE 72.1.4(b), Simms may file written objections to this amended report and recommendation within fourteen days after being served with a copy. If Simms fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this amended report and recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE RECOMMENDED** that Simms's complaint be dismissed for the reasons set forth above.

Dated September 10, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge